**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Samora McIntosh,** | )<br>) |
| Petitioner, | ) CIV 11-00826 PHX DGC (MEA)<br>) |
| v. | ) REPORT AND RECOMMENDATION<br>) |
| **Shelton Richardson, et al.,** | )<br>) |
| Respondents. | )<br>) |
| _____ | ) |

**TO THE HONORABLE DAVID G. CAMPBELL:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 8, 2011. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 8) on June 17, 2011. As of October 13, 2011, Petitioner had not filed any reply to the answer to his petition.

**I Procedural History**

On May 11, 2007, a Maricopa County grand jury indicted Petitioner on one count of possession of marijuana for sale having a weight of more than four pounds and one count of possession of drug paraphernalia; four co-defendants were named in the indictment. See Answer, Exh. A. On October 17, 2007, Petitioner and his four co-defendants proceeded to trial before a pro tem Superior Court judge; all of the defendants

represented themselves, each with respective advisory counsel. Id., Exh. B. Petitioner was found guilty of both offenses as alleged in the indictment.

On December 4, 2007, the trial court sentenced Petitioner to the presumptive term of imprisonment of five years pursuant to his conviction for possession of marijuana for sale offense, and awarded Petitioner 216 days of presentence incarceration credit. Id., Exh. E & Exh. F. The docket entry indicates that Petitioner "refused to sign terms and conditions of probation." Id., Exh. E. The trial court found, therefore, that Petitioner "rejected probation as to Count 2". Id., Exh. E. Accordingly, having found that Petitioner rejected probation for the possession of drug paraphernalia offense, the state court sentenced Petitioner to the presumptive term of imprisonment of 1 year, to be served concurrently with the sentence on the possession of marijuana offense. Id., Exh. F.

Petitioner took a timely direct appeal of his convictions and sentences. Petitioner asserted that: (1) he did not knowingly and intelligently waive his right to counsel; (2) the trial court erred by sentencing Petitioner to a term of imprisonment pursuant to his conviction for possession of drug paraphernalia, when Arizona statutes mandated a sentence of probation; (3) the trial court erred by not establishing it had jurisdiction to preside over Petitioner's case, because the court commissioners did not have authority to issue search warrants or preside over criminal trials, and also failed to have loyalty oaths on file with the Arizona Secretary of State.

1  See id., Exh. G.

2  On June 4, 2009, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. Id., Exh. H & Exh. I. Petitioner sought review of this decision by the Arizona Supreme Court, which denied review on October 27, 2009. Id., Exh. K.

In his petition for federal habeas relief Petitioner asserts: (1) he did not knowingly and intelligently waive his Sixth Amendment right to counsel; (2) the trial court erred in sentencing Petitioner to imprisonment for possession of drug paraphernalia because Arizona law mandates a sentence of probation; (3) the trial court did not have jurisdiction over Petitioner's criminal proceedings because the court commissioner did not have authority to issue search warrants or preside over criminal trials and the court commissioner did not have a loyalty oath on file; (4) there was insufficient evidence to support Petitioner's conviction for possession of marijuana for sale, as he was merely present in the house where the marijuana was found; and (5) Petitioner's due process rights were violated when the trial court erroneously instructed the jury that it could convict Petitioner on coconspirator liability. See Doc. 1.

Respondents argue that Petitioner's habeas action was not filed within the one-year statute of limitations and that Petitioner is not entitled to equitable tolling of the statute of limitations.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).

The Arizona Supreme Court denied review in Petitioner's direct appeal on October 27, 2009. Petitioner's conviction became final 90 days later, on or about January 26, 2010, when the time for seeking certiorari by the United States Supreme Court expired. See Danforth v. Minnesota, 552 U.S. 264, 267, 128 S. Ct. 1029, 1033 (2008); Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008). Petitioner, therefore, had until January 25, 2011, to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A). The habeas petition was not filed until April 8, 2011, more than two months after the statute of limitations expired.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

      The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 2011 WL 3275947, at *2-*3 (9th Cir.).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004).

Petitioner has not filed any pleading in reply to the answer to his petition asserting the petition is not timely.

**B. Alternative bases for denying Petitioner's claims for relief**

**1. Petitioner asserts he did not knowingly and intelligently waive his Sixth Amendment right to counsel.**

This claim was denied on the merits by the state court after a thorough and well-reasoned review of Petitioner's claim, the facts of Petitioner's case, and the relevant law on point. The state court reviewed the record on appeal, including Petitioner's pleadings and the colloquy during which the trial court advised him of the risks of waiving his right to counsel. The trial court delineated all of the responsibilities and requirements Petitioner was undertaking by choosing to represent himself. The Court of Appeals concluded that Petitioner's waiver of his constitutional right to counsel was knowing and voluntary.

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d) (1994 & Supp. 2010); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240-41,

125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Crittenden v. Ayers, 624 F.3d 943, 950 (9th Cir. 2010); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. See, e.g., McNeal v. Adams, 623 F.3d 1283, 1287-88 (9th Cir. 2010), cert. denied, 79 U.S.W.L. 3727 (June 27, 2011) (No. 10-10109).

The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). See also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. See, e.g., Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Ibid. "[I]t is not an unreasonable application of clearly

-8-

> established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, [] 129 S.Ct. 1411, 1413-14, [] (2009) (internal quotation marks omitted).

Harrington v. Richter, 131 S. Ct. 770, 786 (2011). See also Howard v. Clark, 608 F.3d 563, 567-68 (9th Cir. 2010).

Additionally, the United States Supreme Court recently held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

The Court of Appeals' decision that Petitioner voluntarily and intelligently waived his right to counsel was not clearly contrary to nor an unreasonable application of federal law and, accordingly, Petitioner is not entitled to federal habeas relief on this claim. See Cook v. Schriro, 538 F.3d 1000, 1016-17 (9th Cir. 2008).

**2. Petitioner contends the trial court erred in sentencing Petitioner to imprisonment for possession of drug paraphernalia because Arizona law mandates a sentence of probation.**

This claim was denied on the merits by the Arizona Court of Appeals. The argument raised by Petitioner in his direct appeal rested solely on an interpretation of an Arizona state sentencing statute in effect at the time of Petitioner's crime and whether Petitioner had waived, at sentencing, a right to be sentenced to probation rather than a concurrent term of

-9-

imprisonment pursuant to his conviction for possession of paraphernalia.

Violations of state law or state criminal procedure which do not infringe upon specific federal constitutional protections are not cognizable under section 2254. See, e.g., Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991). Violations of state sentencing laws do not state a claim for federal habeas relief. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (holding that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). Because Petitioner's second claim is not cognizable, Petitioner is not entitled to habeas relief on the basis of this claim.

**3. Petitioner argues the trial court did not have jurisdiction over Petitioner's criminal proceedings because the court commissioner did not have authority to issue search warrants or preside over criminal proceedings and the court commissioner and pro tem Superior Court judge did not have a loyalty oath on file.**

Petitioner raised this issue in his direct appeal and the claim was denied on the merits of the claim. The Arizona Court of Appeals noted Petitioner had conceded he was incorrect with regard to whether the named commissioners and judges had the correct documentation on file to exercise jurisdiction over Petitioner's criminal proceedings.

As stated supra, the state court's findings of fact and conclusions of state law are binding on this Court. Accordingly, because the state court has concluded that there is no factual basis for this claim, the claim must be denied.

-10-

**4. Petitioner asserts that there was insufficient evidence to support his conviction for possession of marijuana for sale.**

Petitioner did not raise this issue in his direct appeal. As discussed, infra, Petitioner has procedurally defaulted this claim and has not shown cause for nor prejudice arising from his procedural default. Accordingly, the Court may not grant relief on this claim.

**5. Petitioner contends his right to due process was violated when the trial court erroneously instructed the jury that it could convict Petitioner on coconspirator liability.**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1] either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2010).

-11-

also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.[2]

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by

---

[2] A petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

-12-

any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2010). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222

F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific

-14-

Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415-16. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage

-15-

of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).

Petitioner did not exhaust either his fourth or his fifth claim for federal habeas relief in the state courts. Because the claims are now procedurally foreclosed, Petitioner has exhausted but procedurally defaulted these two claims. Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claims. Petitioner has not established that a fundamental miscarriage of justice will occur absent consideration of the claims. Accordingly, Petitioner is not entitled to federal habeas relief on either his fourth or his fifth claims for relief.

**III Conclusion**

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations. Additionally, all of Petitioner's claims for relief may be denied because Petitioner has failed to state a cognizable claim for relief and because the state courts did not err in denying the claims for relief presented in Petitioner's direct appeal. Furthermore, Petitioner's fourth and fifth claims for relief may be dismissed because Petitioner procedurally defaulted these claims in the state courts and he has not established cause for,

nor prejudice arising from these claims.

**IT IS THEREFORE RECOMMENDED** that Mr. McIntosh's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to

appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 13th day of October, 2011.

_____
Mark E. Aspey
United States Magistrate Judge

-18-