**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samora McIntosh,<br><br>    Petitioner,<br><br>vs.<br><br>Shelton Richardson, et. al.,<br><br>    Respondents. | No. CV11-0826-PHX-DGC<br><br>**ORDER** |

  On October 17, 2007, Petitioner Samora McIntosh and four co-defendants, each representing himself, were tried on drug charges before a pro tem Superior Court judge. Doc. 8, Exh. B. McIntosh was found guilty of one count of possession of marijuana for sale and one count of possession of drug paraphernalia. *Id.*, Exh. E. On December 4, 2007, McIntosh was sentenced to the five year presumptive term of imprisonment on the first offense, and, after he refused to sign the terms of probation for the second offense, was sentenced to the one year presumptive term of imprisonment on that offense, to be served concurrently with the five year term. *Id.*, Exh. F. McIntosh appealed, and the Arizona Court of Appeals affirmed his convictions and sentences. *Id.*, Exhs. H & I. On October 27, 2009, the Arizona Supreme Court denied review. *Id.*, Exh. K.

  On April 8, 2011, McIntosh filed a petition for writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Doc. 1. Respondents filed a limited answer to the petition (Doc. 8), and McIntosh did not file a reply. McIntosh asserts five bases for habeas relief: (1) he

did not knowingly and intelligently waive his Sixth Amendment right to counsel; (2) the trial court erred in sentencing him to imprisonment for possession of drug paraphernalia because Arizona law mandates a sentence of probation; (3) the trial court did not have jurisdiction over his criminal proceedings because the court commissioner did not have authority to issue search warrants or preside over criminal trials and the court commissioner did not have a loyalty oath on file; (4) there was insufficient evidence to support his conviction for possession of marijuana for sale, as he was merely present in the house where the marijuana was found; and (5) his due process rights were violated when the trial court erroneously instructed the jury that it could convict him on coconspirator liability. Doc. 1 at 7-12.

United States Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R") on October 14, 2011. Doc. 10. The R&R recommends that the Court deny McIntosh's petition with prejudice because it is barred by the applicable statute of limitations and, in the alternative, because the state court appropriately denied the first three of McIntosh's claims on the merits, and McIntosh did not exhaust claims four and five in the state courts and they are now procedurally foreclosed. Doc. 10 at 16. McIntosh filed objections to the R&R on November 21, 2011.[1] For the reasons that follow, the Court will accept the R&R and deny McIntosh's petition.

**I.   Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in

---

[1] Petitioner exceeded the 14 day deadline for objections (*see* Fed. R. Civ. P. 72(b)). The Court may consider late filing a waiver to review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Because McIntosh is proceeding pro se, however, the Court will excuse this delay.

- 2 -

whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**II.     Analysis.**

    **A.     Statute of Limitations.**

McIntosh makes no specific objections to the R&R's finding that his claims are barred by the statute of limitations. Instead, by recounting the same facts that he asserted in his original petition, McIntosh argues that the statute of limitations does not bar his petition because his confinement in prison interfered with his ability to file the petition Compare Doc. 1 at 15 with Doc. 11 at 2-3. McIntosh does assert new facts regarding his hardship in accessing legal records – facts which this Court has discretion to consider. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Court finds, however, that McIntosh has not shown how deprivation of specific legal materials made it impossible for him to file his petition on time. *See, e.g.*, *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *Chaffer v. Prosper*, 592 F.3d 1046, 1048-49 (9th Cir. 2010). Even considering the new facts, the Court agrees with Judge Aspey that McIntosh has not met the high burden of showing "impossibility" of timely filing required to show that he is entitled to equitable tolling. *See* Doc. 10 at 6, 16.

    **B.     Substantive Claims.**

Judge Aspey found that McIntosh is not entitled to federal habeas relief on his claim that he did not knowingly or intelligently waive his right to counsel because the Arizona Court of Appeals already rejected this claim on the merits and that court's finding was not contrary to or an unreasonable application of federal law. Doc. 10 at 9. McIntosh reiterates the arguments that he made in his petition that he did not act voluntarily (compare Doc. 1 at 6 with Doc. 11 at 3), but fails to make specific objections to Judge Aspey's finding. The Court accepts Judge Aspey's finding on this claim for the reasons stated in the R&R. *See* Doc. 10 at 7-9.

Judge Aspey found that McIntosh's claim that the trial court erred in sentencing him to prison rather than probation on his possession of drug paraphernalia conviction did not state a violation of federal law that would entitle him to federal habeas relief. Doc. 10 at 10. McIntosh merely argues that he is entitled to relief because he was imprisoned unlawfully. Doc. 11 at 3. McIntosh makes no argument that Judge Aspey erred in his application of the law. The Court accepts Judge Aspey's recommendation on this claim for the reasons stated in the R&R. *See* Doc. 10 at 10.

Judge Aspey found that McIntosh is not entitled to federal habeas relief on his claim that the trial court commissioner lacked authority because the Arizona Court of Appeals found there was no factual basis for this claim and that court's findings of fact and law are binding on this Court. Doc. 10 at 10. McIntosh presents part of the trial transcript and reargues his position that there is a "factual basis" for his claim, but he does not address the Court of Appeals' finding. Doc. 11 at 4-6. Nor does he show why this Court is not bound by that finding. The Court accepts Judge Aspey's finding on this claim for the reasons stated in the R&R. *See* Doc. 10 at 10.

Judge Aspey found that McIntosh's claim that the trial court lacked sufficient evidence to convict him of possession of marijuana for sale was procedurally defaulted because McIntosh did not raise it on direct appeal and had not shown cause for or prejudice resulting from his default. Doc. 10 at 11. McIntosh does not make any objection to this finding. The Court will accept Judge Aspey's recommendation for the reasons stated in the R&R. *See id.*

Judge Aspey found that McIntosh's claim regarding erroneous jury instructions was also procedurally barred because McIntosh failed to exhaust this claim in state court and it is now procedurally foreclosed. Doc. 10 at 16. Judge Aspey also found that McIntosh had not shown cause for or prejudice resulting from his default, or that a fundamental miscarriage of justice would occur for failure to consider this claim. *Id.* McIntosh argues, nonsensically, that the trial court's refusal to address his challenge to

that court's jurisdiction was the cause of his failure to raise this claim on appeal. Doc. 11 at 7. McIntosh also argues that prejudice and a fundamental miscarriage of justice would result from dismissing this claim because the jury instruction permitted his conviction based on co-conspirator liability when he was not charged with conspiracy. Doc. 11 at 7. McIntosh also argues that the trial court's erroneous jury instruction deprived that court of jurisdiction and that his claim for relief is timely because a challenge to jurisdiction can be raised at any time. *Id.* McIntosh's arguments are unavailing. The Court agrees with Judge Aspey that McIntosh has not shown cause for his procedural default. The Court also agrees that McIntosh has failed to show that a fundamental miscarriage of justice would result from not considering the jury instruction claim. McIntosh has only alleged errors related to the application of state law, not federal law or the Constitution, and he has not alleged facts to show that he is factually innocent. *See Murray v. Carrier*, 477 U.S. 478, 485-86 (1986); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). The Court also finds that the authority McIntosh relies upon for his jurisdictional argument is inapplicable and does not resolve the issue of procedural default with respect to the jury instruction claim. See Doc. 11 at 7. Accordingly, the Court will accept Judge Aspey's recommendation on this claim for reasons stated in the R&R. *See* Doc. 10 at 11-18.

**IT IS ORDERED:**

1. Magistrate Judge Mark E. Aspey's R&R (Doc. 10) is **accepted**.

2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.

3. A certificate of appealability is **denied** because McIntosh has made no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

4. The Clerk of Court is directed to **terminate** this action.

Dated this 13th day of December, 2011.

_____
David G. Campbell
United States District Judge

- 5 -